IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN PATRICK DUDLEY, #220 840, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-287-MHT |
| | ) | [WO] |
| SGT. CALVIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Staton Correctional Facility in Elmore, Alabama, filed this 42 U.S.C. § 1983 complaint on April 30, 2015. In accordance with the prior opinions and orders of the court this action is pending on Plaintiff's complaint against Sergeant Calvin, Lieutenant Tate, the Alabama Department of Corrections, and the Staton Correctional Facility. *See Doc. Nos. 1, 7, 9, 10*. Upon review, the court concludes that dismissal of Plaintiff complaint against the Alabama Department of Corrections and the Staton Correctional Facility prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

Plaintiff names the Alabama Department of Corrections and the Staton Correctional Facility as defendants. The Eleventh Amendment bars suit directly against a

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have her complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

state or its agencies, regardless of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). Because Plaintiff's complaint against the Alabama Department of Corrections and the Staton Correctional Facility is "based on an indisputably meritless legal theory," these defendants are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's § 1983 claims against Defendants the Alabama Department of Corrections and the Staton Correctional be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2.  The Alabama Department of Corrections and the Staton Correctional Facility be DISMISSED with prejudice and terminated as parties prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i);

3. This case be REFERRED to the undersigned for further proceedings.

 It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 12, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 29th day of July, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE